IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Clyde Lewis La Count, | ) | Case No. 6:24-cv-4383-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Latrice Hudgens, All Occupants, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the removal of this action by Defendant Hudgens. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On October 15, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and that a prefiling injunction be issued as to Defendant Hudgens. ECF No. 14. The Magistrate Judge advised Defendant Hudgens of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Defendant Hudgens has not filed objections to the Report and the time to do so has lapsed.[1]

---

[1] The Court notes that the second proper form order, issued by the Magistrate Judge, has been returned as undeliverable. ECF No. 16. However, neither the first proper form order nor the Report has been returned. Moreover, Defendant Hudgens was specifically informed that it is her responsibility to keep the Court apprised of her current address. ECF No. 7.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and adopts the recommendation of the Magistrate Judge. Accordingly, this action is **DISMISSED** without prejudice pursuant to Rule 41(b), without issuance and service of process, and without leave to amend. Further, the Court finds that the requirements under *Cromer v. Kraft Food N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004), have been met[2] and proper notice of the imposition of

---

[2] The Court incorporates the Magistrate Judge's discussion of the relevant factors.

a prefiling injunction has been given. Accordingly, the Court imposes the following prefiling restrictions on future filings by Latrice Hudgens:

> 1. For any future non-habeas actions or notices of removal filed by Ms. Hudgens, Ms. Hudgens is required to submit the full filing fee to the Clerk of Court at the time of her initial filing. If a filing by Ms. Hudgens is not accompanied by a full filing fee, the Clerk of Court is authorized to assign civil action numbers (for docket control purposes) and the assigned United States Magistrate Judge will forward the case to the assigned United States District Judge for an order of dismissal or a sua sponte order remanding the matter.
>
> 2. These filing restrictions do not apply to any criminal case in which Ms. Hudgens is named as a defendant.
>
> 3. Ms. Hudgens may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

January 14, 2025
Spartanburg, South Carolina